IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RACHEL CORINA LUNA<br>*Plaintiff,* | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. 4:22cv-01151 |
| NATIONS DIRECT MORTGAGE, LLC<br>*Defendant* | §<br>§<br>§ | |

AFFIDAVIT IN SUPPORT OF SUMMARY JUDGMENT

THE STATE OF _ILLINOIS_   §
                          §
COUNTY OF _LAKE_          §

BEFORE ME, the undersigned authority, on this day personally appeared _Thomas Queen_ known to me to be a credible person of lawful age, who after first being duly sworn, testified as follows:

1. My name is _____Thomas Queen_____, I am of sound mind, capable of making this affidavit, and personally acquainted with the facts stated herein:

2. My name is _____Thomas Queen_____. I am authorized to make this affidavit on behalf of Nations Direct Mortgage, LLC ("Nations Direct"). I am over the age of 18, of sound mind, and competent to testify as to the matters stated herein. The facts stated herein are within my personal knowledge.

3. I am familiar with the records pertaining to certain loans serviced by Nations Direct. I have examined the documents relating to the above styled and numbered cause. The documents in the file were kept in the regular course of business of Nations Direct, and the information contained in the documents was made at or near the time of the events reflected thereon. It was in the regular course of business of Nations Direct for its agent or employees, with personal knowledge of the facts, events, conditions and other information contained in such records to make such records or to transmit information to be included in such records. I have reviewed the contents of the file relating to Rachel Corina Luna ("Plaintiff") and the real property located at 16022 Kube Court, Jersey Village, Texas 77040, and I have determined that the file contents are accurate and there is nothing about the source of information or method or circumstances of their preparation that indicates any lack of trustworthiness. Therefore, I have knowledge based upon my review of Nations Direct's records of all facts stated herein,

EXHIBIT A

and they are all true and correct. This Affidavit is submitted in support of Nations Direct's Motion for Summary Judgment as to all claims.

4. On January 13, 2017, Plaintiff executed a Note in the amount of $327,750.00 with an interest rate of 5.125% payable to Nations Direct. A true and correct copy of the January 13, 2017, Note is attached hereto, and to Nations Direct's Motion for Summary Judgment as Exhibit B.

5. Plaintiff also executed a Deed of Trust to secure the indebtedness against real property located at 16022 Kube Court, Jersey Village, Texas 77040 (the "Property"). A true and correct copy of the Deed of Trust is attached hereto and to the Motion for Summary Judgment as Exhibit C. (The Note and the Deed of Trust will be collectively referred to as the "Loan").

6. Nations Direct has possession of the Note.

7. A true and correct copy of Nations Direct's servicing notes for Plaintiff's loan is attached hereto and to the Motion for Summary Judgment as Exhibit D. The servicing notes are generated by Nations Direct representatives as actions are taken in relation to the Loan. For instance, the servicing notes will contain reference to payments that are received. The servicing notes will also contain a record of any time a representative in the loan servicing department communicates with the borrower.

8. A true and correct copy of Nations Direct's loss mitigation notes for Plaintiff's loan is attached hereto and to the Motion for Summary Judgment as Exhibit E. The loss mitigation notes are generated by Nations Direct representatives as actions are taken in relation to loss mitigation efforts. For instance, the loss mitigation notes will reference any receipt of a loss mitigation application by Nations Direct. They will also reference any communications with the Plaintiff that concerns Nations Direct's loss mitigation attempts. The loss mitigation notes contain a complete record of Nations Direct's efforts to mitigate its damages resulting from Plaintiff's default.

9. On February 12, 2019, after reviewing Plaintiff's loss mitigation application and determining that three judgment liens encumbered the Property, Nations Direct sent a loss mitigation denial letter to Plaintiff. A true and correct copy of the February 12, 2019, denial letter is attached hereto and to the Motion for Summary Judgment as Exhibit F.

10. On February 19, 2019, Nations Direct served notice of the default on Plaintiff via first class mail, and certified mail, return receipt requested. A true and correct copy of the February 19, 2019, Notice of Default letter is attached hereto and to the Motion for Summary Judgment as Exhibit G.

16. Plaintiff did not cure the default. On April 2, 2019, Nations Direct notified Plaintiff of the acceleration of the Loan. A true and correct copy of the April 2, 2019, Notice of Acceleration letter is attached hereto and to the Motion for Summary Judgment as Exhibit H.

17. After reviewing a second loss mitigation application and approving a permanent loan modification, Nations Direct began preparing the final written modification agreement. Upon review, Nations Direct determined that the title issues had not been resolved. Plaintiff was informed of the title issues on May 7, 2019, and emailed an affidavit and a copy of a garnishment judgment to Nations Direct. The documents were reviewed the same day and it was determined that the affidavit did not address the child support lien and the judgment was a judgment for garnishment of wages that had not been released. Nations Direct also discovered that the Warranty Deed by which Plaintiff took title and the Deed of Trust contained incorrect legal descriptions.

18. Nations Direct made a title claim to address the incorrect legal description on the Warranty Deed and Deed of Trust and on May 29, 2019, received communications from WFG National Title Insurance Co. This resulted in Patriot Title recording correction instruments on June 11, 2019, and June 25, 2019, that resolved this aspect of the title issues. A true and correct copy of the Correction Warranty Deed is attached hereto as Exhibit I. A true and correct copy of the Correction Deed of Trust is attached hereto as Exhibit J.

19. On July 1, 2019, Nations Direct mailed a loss mitigation denial letter to the borrower and sent an email inquiring as to the status of the lien releases. A true and correct copy of the July 1, 2019, loss mitigation denial letter is attached hereto as Exhibit K.

20. On September 16, 2019, Nations Direct approved a full document flex trial modification. On the same day, Nations Direct mailed a letter to Plaintiff advising that Plaintiff was approved for a FLEX Modification. A true and correct copy of the September 16, 2019, letter is attached hereto as Exhibit L. On November 20, 2019, Nations Direct conducted a review to determine whether a final modification could be approved. Nations Direct discovered an IRS lien. A true and correct copy of the Notice of Federal Tax Lien is attached hereto as Exhibit M.

21. On January 14, 2020, Nations Direct sent a letter to Plaintiff requesting proof that the liens were released or satisfied. A true and correct copy of the January 14, 2020, letter is attached hereto as Exhibit N. When proof of the lien release was not received, Nations Direct again closed its loss mitigation file.

22. On October 18, 2021, Nations Direct mailed a letter to the Plaintiff asking that Plaintiff contact Nations Direct to continue loss mitigation efforts and advising that Plaintiff was approved for a trial period modification plan. A true and correct copy of the October 18, 2021, letter is attached hereto as Exhibit O.

23. Mortgage Electronic Registration Systems, Inc. ("MERS") is the beneficiary of the Deed of Trust. On August 20, 2019, MERS assigned its rights under the Deed of Trust to Nations Direct. A true and correct copy of the August 20, 2019, Assignment of Deed of Trust is attached hereto as Exhibit Q.

24. Plaintiff defaulted under the terms of the Note and Deed of Trust by failing to make payments. The Loan is contractually due for the November 1, 2018, payment and all

subsequent payments.

Further Affiant sayeth naught.

                                                   _____
                                                   Thomas Queen   Assistant Secretary
Affiant

Sworn to and subscribed before the undersigned authority by the said _____, on this the 15th day of November, 2022.

                                                   _____
                                                   Notary Public in and for

OFFICIAL SEAL
WALTER KOZLOWSKI
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:03/10/24

The State of ILLINOIS